UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

AMY LYNN FORD, an individual,

        Plaintiff,

Case No. 1:04-CV-682

v.

Hon. Richard Alan Enslen

GRAND TRAVERSE COUNTY,
LUKE LANSBACH, SOPHIA
DeLONGHI, MICHAEL JOHNSON,
and ROBERT SMITH,

**ORDER**

        Defendants.
_____/

    This matter is before the Court on Defendants Grand Traverse County, Luke Lansbach, Sophia DeLonghi, Michael Johnson, and Robert Smith's Motion for Summary Judgment. The Motion has been answered, but no reply has been timely filed. Oral argument is unnecessary in light of the briefing received.

    Under Federal Rule of Civil Procedure 56(c), summary judgment is proper if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in the non-movant's favor. *Celotex Corp.*, 477 U.S. at 323 (quoting *Anderson*, 477 U.S. at 255). The factual record presented must be interpreted in a light most favorable to the non-movant. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

In the instant case, Plaintiff is an epileptic who needed Dilantin and, when she did not receive it, suffered *grand mal* seizures, fell from an upper jail bunk, and broke her right hip and right clavicle, requiring surgery and hospitalization. Plaintiff has sued Defendants for failing to secure medical care for her in a timely way in violation of the Eighth Amendment[1] (42 U.S.C. § 1983 claims) and state law (gross negligence claims).

Both section 1983 and the Eighth Amendment require jailers to provide medical care for prisoners with known serious medical needs:

> A prisoner's right to adequate medical care "is violated when prison doctors or officials are deliberately indifferent to the prisoner's serious medical needs." *Comstock v. McCrary,* 273 F.3d 693, 702 (6th Cir. 2001) . . . .
>
> A claim for the deprivation of adequate medical care "has two components, one objective and one subjective." *Id.* "To satisfy the *objective component,* the plaintiff must allege that the medical need at issue is 'sufficiently serious.' " *Id.* at 702-03 (quoting *Farmer v. Brennan,* 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994)) (emphasis added). "To satisfy the *subjective component,* the plaintiff must allege facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." *Id.* at 703 (emphasis added).

*Johnson v. Karnes,* 398 F.3d 868, 874 (6th Cir. 2005). Evidence sufficient to create a genuine issue of material fact as to deliberate indifference, *a fortiori*, establishes a genuine issue of material fact as to a state law claim of gross negligence. *Williams v. Jabe*, 947 F. Supp. 1130, 1138 (E.D. Mich. 1996), *rev'd on other grounds, Williams v. Mehra*, 186 F.3d 685 (6th Cir. 1999) (*en banc*).

---

[1] The Eighth Amendment and not the Fourteenth Amendment is the appropriate reference because Plaintiff was imprisoned in connection with a convicted offense (*i.e.,* she was held for a suspected probation violation) and was not a pretrial detainee. Also, qualified immunity is not appropriate on this record since the Eighth Amendment right to medical care for known and obvious serious medical conditions has long been established by the Supreme Court and Sixth Circuit precedent. *See Scicluna v. Wells*, 345 F.3d 441, 446 (6th Cir. 2003).

The record, interpreted in a light most favorable to Plaintiff, supports that each of the Defendants knew that Plaintiff needed Dilantin to control her seizure disorder, knew that Plaintiff was at risk of injury due to seizure and falls if not treated, and each intentionally or reckless failed to act to secure Plaintiff's receipt of Dilantin, thereby resulting in her serious injury. Additionally, the record interpreted in a light most favorable to Plaintiff suggests that the County allowed a *de facto* practice by its custody staff of permitting them to handle inmates needing chronic medicines by the custody staff leaving written requests in the box of the visiting nurse, at the same time as the visiting nurse was permitted by the County to set her own hours and choose not to visit the jail on any given day. The record further supports that the visiting nurse did not visit on the day in question and this contributed to custody staff's failure to provide Plaintiff with Dilantin, thereby causing her injuries. The later conduct, as determined by the Sixth Circuit, is sufficient evidence of a *de facto* policy of deliberate indifference to create a genuine issue of material fact as to county liability. *See Blackmore v. Kalamazoo County*, 390 F.3d 890, 900 (6th Cir. 2004).

**THEREFORE, IT IS HEREBY ORDERED** that Defendants Grand Traverse County, Luke Lansbach, Sophia DeLonghi, Michael Johnson, and Robert Smith's Motion for Summary Judgment (Dkt. No. 37) is **DENIED** due to genuine issues of material fact.

DATED in Kalamazoo, MI:         /s/ Richard Alan Enslen
    October 12, 2005                RICHARD ALAN ENSLEN
                                        SENIOR UNITED STATES DISTRICT JUDGE