UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMY LYNN FORD,

                Plaintiff,

                                            CASE NO. 04-0682

-v-                                           HON. MARIANNE O. BATTANI

GRAND TRAVERSE COUNTY, a
municipal corporation, et al.,

                Defendants.
_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION
FOR JUDGMENT AS A MATTER OR LAW**

Plaintiff Amy Lynn Ford, filed this action pursuant to 42 U.S.C. § 1983, alleging that Defendants violated her constitutional rights in that they were deliberately indifferent to her serious medical needs. The case proceeded to trial, and the jury returned a special verdict, finding Grand Traverse County was deliberately indifferent to the medical needs of Plaintiff through its policy or custom regarding weekend medical care and that the policy was a proximate cause of Plaintiff's injury. The jury further concluded that none of the individual corrections officers were deliberately indifferent to Plaintiff's serious medical need. Defendant Grand Traverse County subsequently filed this motion for judgment as a matter of law on the ground that a municipality cannot be held liable under § 1983 unless a constitutional violation by its agents is first established. (Doc. No. 66). For the reasons that follow, the Court **DENIES** Defendant's request for judgment as a matter of law.

**I. BACKGROUND**

Plaintiff is an epileptic and needs Dilantin. While she was incarcerated, she suffered a grand mal seizure, fell from an upper bunk bed and broke her right hip and right clavicle.

Evidence at trial showed that the County allowed the jail staff to handle inmates needing chronic medicines by leaving written requests in the box of the visiting nurse. The County further permitted the nurse to set her own hours, and she could choose not to visit the jail on any given day. Further, the nurse was not required to notify jail personnel whether she would be on-site. Testimony at trial established that the visiting nurse did not visit on the day in question, and her failure to do so contributed to the failure to provide Plaintiff with Dilantin.

## II.  STANDARD OF REVIEW

Rule 50 reads as follows:

(a) Judgment as a Matter of Law

> (1) If during a trial by a jury a party has been finally heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue, the court may determine the issue against that party and may grant a motion for judgment as a matter of law against that party with respect to a claim or defense that cannot under the controlling law be maintained or defeated without a favorable finding on that issue.
>
> (2) Motions for judgment as a matter of law may be made at any time before submission of the case to the jury. Such a motion shall specify the judgment sought and the law and the facts on which the moving party is entitled to the judgment.

(b) Renewing Motion for Judgment After Trial; Alternative Motion for New Trial. If, for any reason the court does not grant a motion for judgment as a matter of law made at the close of all the evidence, the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion. The movant may renew its request for judgment as a matter of law by filing a motion no later than 10 days after entry of judgment--and may alternatively request a new trial under Rule 59. . . .

Fed.R.Civ.P. 50(a),(b).

The langauge of the rule limits a post-trial motion for judgment as a matter of law. It can only be made as a renewal of a motion made before the case was submitted to the jury.

## III.  ANALYSIS

In the motion before the Court, the parties contest whether Grand Traverse County can be held liable under §1983 in light of the jury verdict that none of the individual officers violated Plaintiff's constitutional rights.  Because the jury verdict exonerated the individual officers, Defendant maintains that judgment as a matter of law should be entered in its favor.  The Court disagrees.

Many of the cases upon which Defendant relies in advancing its position that it is entitled to judgment as a matter of law are distinguishable in that they address municipal liability arising out of a failure to train or a condoning of excessive force or are decided at the summary judgment stage.  See e.g.  Harbin v. Detroit, 147 Fed. Appx. 566, 572 (6th Cir. 2005) (summary judgment awarded to the defendant on a claim that the city failed to train its police officers); Atwell v. Hart County, Kentucky, 122 Fed. Appx. 215 (6th Cir. 2005) (awarding summary judgment to the county after finding that the jail personnel had not engaged in excessive force); Crocker v. Tarzwell, 119 Fed.Appx. 718 (6th Cir. 2005) (finding that the officers' failure to prevent a suicide did not constitute a constitutional violation and awarding summary judgment to the county defendant).  The seminal case, upon which Defendant constructs its argument, City of Los Angeles v Heller, 475 U.S. 796, 799 (1986), involved a claim by Heller that the City had adopted a policy of condoning excessive force in making arrests, that the policy was unlawful, and that he had been injured by the application of that policy at the time of his arrest.   After the jury returned a

verdict for the defendant police officer involved in making the arrest, the trial court dismissed the action against the City. In sum, the trial court, "conclud[ed] that if the police officer had been exonerated by the jury there could be no basis for assertion of liability against the city. . . ." Heller appealed, and the Ninth Circuit Court of Appeals reversed, reasoning, "the jury could have believed that [the officer] having followed Police Department regulations, was entitled in substance to a defense of good faith. Such a belief would not negate the existence of a constitutional injury." Id. (citation omitted). In reversing the appellate court, the Supreme Court noted that the jury had not been charged on any good faith defense. As to the City, the Court observed, that it was sued "only because [it was] thought legally responsible for [the officer's] actions; if the latter inflicted no constitutional injury on [Heller], it is inconceivable that [the City] could be liable to [Heller]. Id. at 799. The Court added, "[T]his is an action for damages, and neither Monell v. New York City Dept. of Social Servs., 436 U.S. 658 (1978), nor any other of our cases authorizes the award of damages against a municipal corporation based on the actions of one of its officers when in fact the jury has concluded that the officer inflicted no constitutional harm. If a person has suffered no constitutional injury at the hands of the individual police officer, the fact that the departmental regulations might have authorized the use of constitutionally excessive force is quite beside the point." Heller, at 799.

In Bowman v. Correction Corp. of Am., 350 F.3d 537 (6th Cir. 2003), the plaintiff sued a private company that managed a prison, the warden, and a physician under 42 U.S.C.§ 1983, alleging they violated her deceased son's right to adequate medical care. Her son had sickle cell anemia and was hospitalized repeatedly during his incarceration. The day before he died, the prison doctor admitted the plaintiff's son to the infirmary and

diagnosed him with pneumonia. The plaintiff's son was transferred to a hospital the following day, where he died. The case proceeded to trial, and the jury found that the defendants had not acted with deliberate indifference to a serious medical need. The district court subsequently granted a motion for judgment as a matter of law, holding that the medical policy was unconstitutional. The appellate court reversed finding that without a constitutional violation by the doctor or the warden, the private management company could not be held liable for its policy even if it were to encourage deliberate indifference. There can be no municipal liability without a constitutional violation as a result of action by the municipality's officials or employees.

Of particular interest to this Court is the Bowman panel's acknowledgment of the decision in Speer v. City of Wynne, wherein the eighth circuit noted that "situations may arise where the combined actions of multiple officials or employees may give rise to a constitutional violation, supporting municipal liability, but where no one individual's actions are sufficient to establish personal liability." Although the Bowman court determined that the case before it was not such a situation, the court did not reject the reasoning. In sum, the Bowman panel held that even if a policy is unconstitutional, there must be a violation of an individual's constitutional rights for municipal liability to be imposed. Id., at 545.

Neither Heller nor Bowman mandates the relief requested by Defendant. A municipality may be liable even when an individual government actor is exonerated because the municipal liability is based on the actions of actors other than those who are named as parties. In the alternative, municipal liability could be premised on the acts of several employees acting pursuant to a governmental policy or custom even where no individual action violates a plaintiff's constitutional rights.

5

The Court's determination rests on these possibilities for two reasons. First, in the case before this Court, Defendant raised a classic sufficiency of the evidence argument relative to deliberate indifference. Although counsel referred to the sufficiency of the evidence with respect to Plaintiff's claims, he in no way alluded to the legal contention advanced in this motion. Moreover, Defendant submitted the special verdict form used by the jury in resolving liability. The form allowed for a verdict against the County, regardless of the findings made as to the individual defendants. A post-trial motion for judgment may not advance additional grounds that were not raised in the pre-verdict motion. Am. and Foreign Ins. Co. v. Bolt, 106 F.3d 155, 159-60 (6th Cir. 1997). Second, it is the duty of this Court to "harmonize the jury's answers, if it is possible under a fair reading of them." Gallick v. Baltimore & Ohio R.R., 372 U.S. 108, 119 (1963).

## IV.  CONCLUSION

For the reasons stated herein, the Court **DENIES** Defendant's request for judgment as a matter of law. In light of the foregoing, Plaintiff's request for attorney's fees as a prevailing party pursuant to 42 U.S.C. § 1988 is **GRANTED**. Pursuant to the parties' stipulation, Plaintiff is entitled to fees in the amount of $84,331.04, through November 12, 2006.

**IT IS SO ORDERED.**

                                                    s/Marianne O. Battani
                                                    HON. MARIANNE O. BATTANI
                                                    UNITED STATES DISTRICT JUDGE

Date: December 11, 2006

## CERTIFICATE OF SERVICE

    A copies of this Order was mailed to counsel of record on this date by ordinary mail and electronic filing.

s/Bernadette M. Thebolt
Deputy Clerk
